UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LILLIAN BRAKEBILL, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CAPITAL ONE N.A.,<br><br>Defendants, | Civil Action No.   4:11-cv-00791 |

## CLASS ACTION COMPLAINT

LILLIAN BRAKEBILL, ("Plaintiff"), through the undersigned counsel, DAVE LILLEY, states as follows for her Class Action Complaint against CAPITAL ONE N.A., ("Defendant"):

### The Parties

1. (a) Plaintiff is a Texas citizen and resides in this district.

   (b) Defendant is a corporation authorized by the Secretary of State to transact business in the State of Texas and may be served with process through its registered agent: Capital One N.A. c/o Corporation Service Company, Bank of America Center, 16th Floor, 1111 East Main Street Richmond, Virginia 23219.

### Jurisdiction and Venue

2. The Court has federal question jurisdiction pursuant to 28 U.S.C. §1331, because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.* and Regulation E., 12 C.F.R. §205.1 *et seq.*

3. Venue is proper in this District because Defendant(s) does business in this jurisdiction.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because the transactions at issue occurred at this district and/or Plaintiff resides in this district and/or Defendant transacts business in this district.

5. Venue is proper in this jurisdiction because certain key witness(es) to the transaction or occurrence are situated or reside at or near this jurisdiction.

## Statutory/Regulatory Authority

6. The Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA"), and its implementing Regulation E, 12 C.F.R. §205.1 et seq., require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

7. Specifically, 15 U.S.C. §1693(d)(3) and 12 C.F.R. §205.16(C) require that an ATM operator disclose (a) on the ATM, that a fee will be imposed ("Posted Fee Notice") and (b) on the ATM screen, the a fee will be imposed and the amount of such a fee.

## Facts

8. On October 9, 2011, Plaintiff used automated teller machine ("ATM") terminal number C443 ("ATM at Issue"), located at 3548 Long Prairie Road, Flower Mound, TX.

9. On October 9, 2011, Plaintiff was charged a fee to withdraw money from the ATM at Issue.

10. On October 9, 2011, there was no Posted Fee Notice posted on or near the ATM at Issue that disclosed that users would be charged any fee for using the ATM at Issue.

11. Defendant has a wide network of ATMs, some of which did not have Posted Fee Notices.

## COUNT I
## VIOLATION OF EFTA AND REGULATION E

12. Plaintiff incorporates herein by reference paragraphs 1-11.

13. Plaintiff brings this Count on behalf of himself and the Class. The Class consists of all persons who during the year prior to the filing of this action (a) were charged a transaction fee for the use of any Capital One N.A. automated teller machine, (b) when Capital One N.A. did not post a notice on the automated teller machine that it would impose a transaction fee on users of that machine.

14. On information and belief, the putative Class consists of hundreds of persons and is so numerous that joinder of all putative Class members, whether otherwise required or permitted, is impracticable. The actual number of putative Class members is in the exclusive control of Defendant.

15. Questions of law and fact common to the Class predominate over any questions affecting only individual putative class members, including:

    (a) Whether, pursuant to 15 U.S.C. §1693(b)(3)(A) and 12 C.F.R. §205.16, Defendant was an ATM operator at all relevant times during that class period that imposed a fee on consumers for providing host transfer services to those consumers; and

    (b) Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 15 U.S.C. §1693(d)(3) and 12 C.F.R. §205.16(c).

16. Plaintiff's claims are typical of the claims of the putative Class members, including:

    (a) Plaintiff and putative Class members used an ATM operated by Defendant;

 (b) Defendant failed to provide notices compliant with 15 U.S.C. §1693(d)(3) and 12 C.F.R. §205.16(c) to Plaintiff and all putative Class members; and

 (c) Defendant illegally imposed a fee on Plaintiff and all putative Class members for their respective use of Capital One N.A. ATMs that did not have fee notices in compliance with the EFTA.

17. Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has hired counsel able to adequately prosecute this class action litigation.

18. Questions of law or fact common to the putative class predominate over any questions affecting only individual putative Class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

19. This Court and the parties would enjoy economies in litigation of common issues on a class-wide basis instead of a repetitive individual basis.

20. The size of each putative Class member's actual damages is too small to make individual litigation not an economically viable option.

21. No unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative Class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

22. Pursuant to 15 U.S.C. §1693(d)(3)(D)(i) and 12 C.F.R. §205.16(a), Defendant was an ATM operator at all times relevant to this action.

23. Defendant was the ATM operator of the ATMs used by the Plaintiff and members of the Class at all times relevant to this action.

24. Defendant failed to comply with the notice requirements of 15 U.S.C. §1693(d)(3) and 12 C.F.R. §205.16(c) when providing ATM services to Plaintiff and all putative Class members.

25. Pursuant to 15 U.S.C. §1693(d)(3)(C) and 12 C.F.R. §205.16(e), Defendant therefore illegally imposed a fee on Plaintiff and all putative Class members for their respective use of Capital One N.A., ATM at Issue.

WHEREFORE, Plaintiff, individually and on behalf of the putative Class, requests that this Court enter judgment in her favor and against CAPITAL ONE N.A., and award the following:

A. Actual and statutory damages as set forth in the EFTA and Regulation E;

B. Attorneys' fees and costs of suit; and;

C. Such other relief as this Court deems proper.

This 2nd day of December, 2011.

ALEX SIMANOVSKY & ASSOCIATES, LLC

*/s/ Dave Lilley*
Dave Lilley, Esq.
TX Bar No. 24035064
Attorney for Plaintiff

Alex Simanovsky & Associates, LLC
1912 Loop 11
Wichita Falls, TX 76306
Phone: 1-866-865-3666, Ext. 1056
Fax: 877-570-5413

Corporate Office Address:
2300 Henderson Mill Road, Suite 300
Atlanta, GA 30345
Phone: (770) 414-1002, Ext. 1012
Fax: (770) 414-9891